# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAULA J. BRUCE,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,

    Defendant.

Case No. 11-CV-841

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION TO PROCEED IN FORMA PAUPERIS

    The plaintiff, Paula J. Bruce ("Bruce"), seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), of the Commissioner of the Social Security Administration's (the "Commissioner") decision denying her application for Social Security disability benefits and Supplement Security Income disability benefits. (Docket # 1.) This matter comes before the Court on Bruce's motion for leave to proceed in forma pauperis. (Docket # 3.) From the affidavit Bruce has given the Court, I conclude that she is unable to pay the fees and costs of starting the lawsuit. Further, the complaint is not legally frivolous or malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. Thus, Bruce's motion for leave to proceed in forma pauperis shall be granted.

    **ALLEGATIONS OF FACT**

    In her application and affidavit to proceed in forma pauperis, Bruce states that she is unemployed and receives $367 per month in food stamps and $100 per month from her stepfather for toiletries and other necessities. (Docket # 3 at ¶ 4.) Bruce is charged $25 per month for rent in

HUD housing for the disabled, which her stepfather pays. (*Id.*) Bruce has debts in excess of $21,000. (*Id.* at ¶ 8.) Bruce is currently separated from her husband and is seeking legal separation. (*Id.* at ¶ 7.) Her husband is unemployed and provides no financial support. (*Id.*) The Brown County Circuit Court waived Bruce's filing fee in her action for legal separation due to indigency. (*Id.*) Bruce owns no real estate, stocks, bonds, trust or retirement accounts. (*Id.* at ¶ 5.) Bruce has no other property excluding clothing and ordinary household items. (*Id.*) Although Bruce has an interest in a pending personal injury action stemming from a 2008 car accident, she states the insurance company has offered to settle for less than $10,000 and she has significant medical bills that would leave her with little, if anything, under those settlement terms. (*Id.* at ¶ 6.) Bruce otherwise does not know the estimated value of her personal injury lawsuit. (*Id.*)

In her complaint, Bruce alleges that her application for Social Security disability and Supplemental Security Income disability benefits was denied for lack of disability. (Docket # 1 at 1.) Bruce alleges that the Commissioner's decision is "not supported by substantial evidence" and is "contrary to law and regulation." (Docket # 1 at 2.)

**DISCUSSION**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a).

Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain " 'detailed factual allegations,'" a complaint that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on Bruce's affidavit summarized above, I am satisfied that she is indigent for purposes of the in forma pauperis statute.

I next turn to the question of whether Bruce's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The complaint alleges the Commissioner denied Bruce Social Security disability benefits and Supplement Security Income disability benefits and that plaintiff is appealing from a final administrative hearing decision dated February 25, 2010. Plaintiff further alleges that the appeal is commenced within the time permitted by the Appeals Council. (Docket # 1 at 1.) Bruce has the right, under 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. Thus, Bruce states a claim upon which relief may be granted.

The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

The complaint alleges that the Commissioner's decision denying Bruce Social Security disability benefits and Supplement Security Income disability benefits is not supported by substantial evidence and is contrary to law and regulation. (Docket # 1 at 2.) The Court has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case; thus, it would be inappropriate for the Court to decide at this early juncture that Bruce's claim has no basis in either fact or law. Therefore, the Court finds that there may be a basis in law or in fact for Bruce's appeal of the Commissioner's decision and that her appeal may have merit as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

The Court finds that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. The Court will, therefore, grant the plaintiff's motion for leave to proceed in forma pauperis.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed **in forma pauperis** is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 26th day of September, 2011.

> BY THE COURT
>
>  s/ *Nancy Joseph*
> NANCY JOSEPH
> United States Magistrate Judge